**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4640**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANGELO GALLOWAY, a/k/a Gelo,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.   Mark S. Davis, District Judge.  (2:10-cr-00096-MSD-TEM-2)

Submitted:  March 29, 2012          Decided:  April 17, 2012

Before DAVIS, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven P. Hanna, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Laura M. Everhart, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angelo Galloway appeals his conviction following a guilty plea to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (2006). On appeal, Galloway argues that the district court erred in denying his motion to withdraw his guilty plea based on his counsel's alleged conflict of interest. We affirm.

We review for abuse of discretion a district court's denial of a motion to withdraw a guilty plea. United States v. Dyess, 478 F.3d 224, 237 (4th Cir. 2007). "A defendant has no absolute right to withdraw a guilty plea . . . ." United States v. Bowman, 348 F.3d 408, 413 (4th Cir. 2003) (internal quotation marks omitted). The district court may exercise its discretion to grant a motion to withdraw a plea if the defendant's request is supported by "a fair and just reason" for doing so. Fed. R. Crim. P. 11(d)(2)(B).

To determine whether the defendant has demonstrated such a reason, the district court must consider:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and

2

> (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). "[A]n appropriately conducted Rule 11 proceeding . . . raise[s] a strong presumption that the plea is final and binding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc).

Galloway asserts that the district court abused its discretion in denying his motion to withdraw his guilty plea without first conducting a hearing to determine, under Cuyler v. Sullivan, 446 U.S. 335 (1980), whether trial counsel labored under a conflict of interest and whether such a conflict affected his representation of Galloway. Contrary to Galloway's assertion, however, the district court held a lengthy hearing in which it conducted this very inquiry. The district court specifically concluded that no conflict of interest existed and that counsel had competently and zealously represented Galloway. Further, the court analyzed each of the Moore factors, finding that these factors weighed against granting Galloway's motion.

Based on these findings, which Galloway does not challenge and which are amply supported by the record,[*] we

---

[*] Our review of the supplemental record on appeal provides no basis for altering our prior conclusion that Galloway knowingly and voluntarily pled guilty during the court's thorough plea colloquy. See United States v. Galloway, No. (Continued)

3

conclude the district court did not abuse its discretion in finding that Galloway failed to demonstrate "an actual conflict of interest adversely affected his lawyer's performance," Sullivan, 446 U.S. at 348, or in denying Galloway's motion to withdraw his guilty plea on this basis. See Lambey, 974 F.2d at 1394 (presumption of finality); Moore, 931 F.2d at 248 (six-factor test).

Accordingly, we affirm the district court's judgment. We deny Galloway's motion to expedite. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

11-4640 (4th Cir. Dec. 13, 2011) (unpublished order); Fed. R. Crim. P. 11(b); United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991) (addressing knowing and voluntary plea).

4